TG

FILED
JANUARY 29, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEWITT HUGHES and CHERANZETTA STAGGER-HUGHES, | ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) ) |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, | ) ) ) ) ) |
| Defendants. | ) JURY TRIAL DEMANDED ) |

**08 C 627**

**JUDGE DOW**
**MAGISTRATE JUDGE COX**

### COMPLAINT

PLAINTIFFS, by and through their attorneys, LOEVY & LOEVY, complain of Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857 ("Defendant Officers"), and state as follows:

#### Introduction

1. This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

#### Jurisdiction and Venue

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

3. Venue is proper as Plaintiffs reside in this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

4.  Plaintiff Dewitt Hughes is a licensed commercial truck driver. Plaintiff Cherannzetta Stagger-Hughes is a bus driver for the Chicago Transit Authority.

5.  On or about the evening of July 30, 2007, Mr. Hughes was driving Mrs. Stagger-Hughes' vehicle on Laramie Avenue just south of Fullerton Avenue. Mr. Hughes was obeying all traffic laws at all relevant times.

6.  Before Mr. Hughes reached Grand Avenue an unmarked police car pulled over the vehicle. Two plain-clothed Chicago Police Officers, a male and a female ("Defendant Officers"), approached the vehicle. Mr. Hughes was immediately ordered out of the vehicle, handcuffed, and placed in the back of the Defendants' vehicle.

7.  As Mr. Hughes was led to the police vehicle by the Defendant Male Officer, the Defendant Female Officer searched Mrs. Stagger-Hughes' vehicle without cause and without Mr. Hughes' permission. In the process of searching the vehicle, the Defendant Officer found Biotin capsules, a vitamin sold over-the-counter, in Mrs. Stagger-Hughes' lunch bag.

8.  After the Defendant Officers searched the vehicle and found the vitamins, the vehicle was seized and impounded by the Chicago Police Department without cause or legal justification.

9. Mr. Hughes was arrested and transported to the Chicago Police Station at Grand Avenue and Central Avenue. Mr. Hughes was arrested without cause or explanation. Mr. Hughes was held at the police station for a period exceeding 24 hours.

10. On or about August 1, 2007, Mr. Hughes was transported to the Cook County Jail. After spending approximately two days in the Cook County Jail, Mr. Hughes was placed on house arrest until August 22, 2007. All of the charges against Mr. Hughes were dismissed in a manner indicative of innocence and Mrs. Stagger-Hughes' vehicle was released from the City's custody. As a result of the incident, Mr. Hughes spent approximately 22 days unlawfully detained.

## Count I -- 42 U.S.C. § 1983
### Unlawful Search & Seizure

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

12. As described more fully above, Plaintiff Dewitt Hughes was searched and seized by the Defendant Officers in a manner which violated the Fourth Amendment.

13. As described more fully above, Plaintiff Cherannzetta Stagger-Hughes' vehicle was searched and seized in a manner which violated the Fourth Amendment.

14. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

15. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges

against the officers as it would against citizens who commit the same crimes;

  e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

  f. The City of Chicago has knowledge of, and the relevant policy-makers have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

16. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

17. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count II -- 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

18. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

19. As described more fully above, the Defendant Officers unlawfully detained Plaintiff Dewitt Hughes without cause or legal justification.

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

22. As a result of the above-described wrongful infringement of their rights, Plaintiff Dewitt Hughes suffered damages, including but not limited to emotional distress and anguish.

23. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count III -- State Law Claim
### False Imprisonment

24. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

25. Plaintiff Dewitt Hughes was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

26. In the manner described more fully above, the Defendant Officers caused Mr. Hughes to be unlawfully and unreasonably imprisoned without justification.

27. As a result of this misconduct, Mr. Hughes has suffered damages, including but not limited to emotional distress.

28. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

29. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

### Count IV -- State Law Claim
### Malicious Prosecution

30. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

31. Mr. Hughes was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and maintained maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

32. The Defendant Officers accused Mr. Hughes of criminal activity knowing those accusations to be without probable cause.

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

34. As a result of this misconduct, Plaintiff has has suffered and continues to suffer injuries including pain and suffering as well as the loss of employment.

### Count V -- State Law Claim
### Respondeat Superior

35. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

36. In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

37. Defendant City of Chicago is liable as principal for all torts committed by its agents.

### COUNT VI -- State Law Claim
### Indemnification

38. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

40. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment in their favor and against Defendants, CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

### JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/s/ Matthew T. Jenkins
Attorneys for Plaintiffs

Arthur Loevy
Michael Kanovitz
Jon Loevy
Matthew Jenkins
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900