IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS,
EASTERN DIVISION

| | | |
|---|---|---|
| DEWITT HUGHES and CHERANZETTA STAGGER-HUGHES, | ) ) ) | |
| Plaintiffs, | ) ) | No. 08 C 627 |
| v. | ) ) ) | Judge Dow |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, | ) ) ) ) ) | Magistrate Judge Cox |
| Defendants. | ) ) ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFFS' COMPLAINT

Defendant City of Chicago (the "City"), by its attorney Mara S. Georges, Corporation Counsel of the City, answers plaintiffs' complaint as follows:

### Introduction

1.      This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

**ANSWER:**    The City admits that plaintiffs purport to bring Counts I and II of their complaint under 42 U.S.C. § 1983 to redress the alleged deprivation under color of law of plaintiffs' rights as secured by the United States Constitution. The City denies the remaining allegations in this paragraph.

### Jurisdiction and Venue

2.      This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

**ANSWER:**    The City admits the allegations in this paragraph.

3.      Venue is proper as Plaintiffs reside in this judicial district and Defendant City of Chicago is a municipal corporation located here.  Further, the events giving rise to the claims asserted here all occurred within this district.

**ANSWER:**    The City admits that it is a municipal corporation located in this judicial district

and that venue is proper in that the alleged events giving rise to the claims asserted in plaintiffs'

complaint occurred within this district.  The City is without knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in this paragraph.

### Background

4.      Plaintiff Dewitt Hughes is a licensed commercial truck driver.  Plaintiff Cherannzetta Stagger-Hughes is a bus driver for the Chicago Transit Authority.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

5.      On or about the evening of July 30, 2007, Mr. Hughes was driving Mrs. Stagger-Hughes' vehicle on Laramie Avenue just south of Fullerton Avenue.  Mr. Hughes was obeying all traffic laws at all relevant times.

**ANSWER:**    Upon information and belief, the City admits that, according to Chicago Police

Department ("CPD") records, at approximately 10:45 p.m. on July 30, 2007, plaintiff Dewitt

Hughes ("Hughes") was operating a motor vehicle in the vicinity of 2400 North Laramie in

Chicago.  The City is without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations in this paragraph.

6.      Before Mr. Hughes reached Grand Avenue an unmarked police car pulled over the vehicle.  Two plain-clothed Chicago Police Officers, a male and a female ("Defendant Officers"), approached the vehicle.  Mr. Hughes was immediately ordered out of the vehicle, handcuffed, and placed in the back of the Defendants' vehicle.

**ANSWER:**    Upon information and belief, the City admits that, according to CPD records, at

approximately 10:45 p.m. on July 30, 2007, Chicago Police Department Officers Debbie Iza, Star

-2-

No. 12957 ("Iza") and Mark Uczen, Star No. 6857 ("Uczen") conducted a traffic stop on the

vehicle Hughes was operating.  The City admits that, upon information and belief, Officer Iza is

female and Officer Uczen is male.  The City is without knowledge or information sufficient to

form a belief as to the truth of the remaining allegations in this paragraph.

       7.     As Mr. Hughes was led to the police vehicle by the Defendant Male Officer, the
Defendant Female Officer searched Mrs. Stagger-Hughes' vehicle without cause and without Mr.
Hughes' permission.  In the process of searching the vehicle, the Defendant Officer found Biotin
capsules, a vitamin sold over-the-counter, in Mrs. Stagger-Hughes' lunch bag.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

       8.     After the Defendant Officers searched the vehicle and found the vitamins, the
vehicle was seized and impounded by the Chicago Police Department without cause or legal
justification.

**ANSWER:**    Upon information and belief, the City admits that, according to CPD records, after

the traffic stop the vehicle Hughes had been operating was impounded by the City.  The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

       9.     Mr. Hughes was arrested and transported to the Chicago Police Station at Grand
Avenue and Central Avenue.  Mr. Hughes was arrested without cause or explanation.  Mr.
Hughes was held at the police station for a period exceeding 24 hours.

**ANSWER:**    Upon information and belief, the City admits that, according to CPD records, after

the traffic stop Hughes was arrested and transported to the 25th District police station for

processing.  The City further admits that, according to CPD records, Hughes was held in the

lock-up at the 25th District police station for more than 24 hours.  The City is without knowledge

or information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

      10.    On or about August 1, 2007, Mr. Hughes was transported to the Cook County Jail. After spending approximately two days in the Cook County Jail, Mr. Hughes was placed on house arrest until August 22, 2007. All of the charges against Mr. Hughes were dismissed in a manner indicative of innocence and Mrs. Stagger-Hughes' vehicle was released from the City's custody. As a result of the incident, Mr. Hughes spent approximately 22 days unlawfully detained.

**ANSWER:**    Upon information and belief, the City admits that, according to CPD records,

Hughes was transported to the Circuit Court of Cook County on August 1, 2007. The City

further admits that, upon information and belief, on August 22, 2007, all charges against Hughes

based on his arrest on July 30, 2007 were dismissed. The City is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations in this

paragraph.

**Count I - 42 U.S.C. § 1983**
**Unlawful Search & Seizure**

      11.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER:**    The City's answers to each of the foregoing paragraphs in the complaint are

incorporated herein by reference as though fully set forth.

      12.    As described more fully above, Plaintiff Dewitt Hughes was searched and seized by the Defendant Officers in a manner which violated the Fourth Amendment.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

      13.    As described more fully above, Plaintiff Cherannzetta Stagger-Hughes' vehicle was searched and seized in a manner which violated the Fourth Amendment.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

14.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

15.    The policy and practice of the City of Chicago were [sic] the moving force behind these constitutional violations in that:

a.    As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

b.    As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

d.    Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

e.    Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

-5-

   f.  The City of Chicago has knowledge of, and the relevant policy-makers
      have failed to act to remedy, the patterns of abuse described in the
      preceding sub-paragraphs, despite actual knowledge of the same, thereby
      tacitly approving and ratifying the type of misconduct alleged here.

**ANSWER:**  The City denies the allegations in this paragraph, including all of its subparts.

   16.  As a result of the unjustified violation of Plaintiffs' rights by the Defendant
Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as
emotional distress.

**ANSWER:**  The City denies that it has the policy and practice alleged in this paragraph.  The

City further denies that a City policy or practice resulted in any injury to plaintiffs.  The City is

without knowledge or information sufficient to form a belief as to the truth of the remaining

allegations in this paragraph.

   17.  The misconduct described in this Count was undertaken by the Defendant Officers
within the scope of their employment and under color of law.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

### Count II - 42 U.S.C. § 1983
### False Arrest/Unlawful Detention

   18.  Each of the Paragraphs in this Complaint is incorporated as if restated fully
herein.

**ANSWER:**  The City's answers to each of the paragraphs in the complaint are incorporated

herein by reference as though fully set forth.

   19.  As described more fully above, the Defendant Officers unlawfully detained
Plaintiff Dewitt Hughes without cause or legal justification.

**ANSWER:**  The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

20.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

21.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

**ANSWER:**    The City denies the allegations in this paragraph.

22.    As a result of the above-described wrongful infringement of their rights, Plaintiff Dewitt Hughes suffered damages, including but not limited to emotional distress and anguish.

**ANSWER:**    The City denies that a City policy or practice resulted in any injury to plaintiffs. The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph.

23.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph.

### Count III - State Law Claim
### False Imprisonment

24.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    The City's answers to each of the paragraphs in the complaint are incorporated herein by reference as though fully set forth.

25.    Plaintiff Dewitt Hughes was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

26.   In the manner described more fully above, the Defendant Officers caused Mr. Hughes to be unlawfully and unreasonably imprisoned without justification.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

27.   As a result of this misconduct, Mr. Hughes has suffered damages, including but not limited to emotional distress.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

28.   The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

29.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

**ANSWER:**   The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

### Count IV - State Law Claim
### Malicious Prosecution

30.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**   The City's answers to each of the paragraphs in the complaint are incorporated

herein by reference as though fully set forth.

31.    Mr. Hughes was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and maintained maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER:**    The City admits that, upon information and belief, on August 22, 2007, all

charges against Hughes based on his arrest on July 30, 2007 were dismissed. The City is without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

in this paragraph.

32.    The Defendant Officers accused Mr. Hughes of criminal activity knowing those accusations to be without probable cause.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

33.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

34.    As a result of this misconduct, Plaintiff has has [sic] suffered and continues to suffer injuries including pain and suffering as well as the loss of employment.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

### Count V - State Law Claim
### Respondeat Superior

35.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**    The City's answers to each of the paragraphs in this complaint are incorporated

herein by reference as though fully set forth.

36.     In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

37.     Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER:**     The City states that plaintiffs' allegation that the City "is liable as principal for all

torts committed by its agents" is a vague, incomplete and/or incorrect statement of the nature of

the City's liability under the doctrine of *respondeat superior* under Illinois law; therefore, this

allegation is denied.

**COUNT VI - State Law Claim**
**Indemnification**

38.     Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER:**     The City's answers to each of the paragraphs in the complaint are incorporated

herein by reference as though fully set forth.

39.     Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**     The City states that the allegations in this paragraph are a vague, incomplete

and/or inaccurate statement of the City's liability under Illinois law; therefore, this allegation is

denied.

40.     The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

-10-

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the

truth of the allegations in this paragraph.

WHEREFORE, the City prays that this Court enter judgment in its favor and against

plaintiffs on plaintiffs' complaint, award the City such costs and fees as allowed by law, and

grant such further relief as this Court deems just and proper.

## JURY DEMAND

The City requests a trial by jury.

## STATE LAW AFFIRMATIVE DEFENSES

1.    The Illinois Local Governmental and Governmental Employees Tort Immunity

Act ("Tort Immunity Act") does not require the City to pay any tort judgment or settlement for

any damages when its employee or agent was acting outside the scope of his or her employment.

745 ILCS 10/9-102 (2006).

2.    The City is not liable to plaintiffs if its employees or agents are not liable to the

plaintiffs.  745 ILCS 10/2-109 (2006).

3.    To the extent any employee or agent of the City was acting within the scope of his

or her employment, that employee or agent is not liable for his or her acts or omissions in the

execution or enforcement of any law, unless such acts or omissions constitute willful and wanton

conduct.  745 ILCS 10/2-202 (2006).

4.    The City is not liable for any injury caused by the act or omission of another

person.  745 ILCS 10/2-204 (2006).

5.　　Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against it to the injured party or a third party.  745 ILCS 10/2-102 (2006).

6.　　As to plaintiffs' state law claims, the City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement, attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

## DEFENSES TO ALL CLAIMS

7.　　To the extent that plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by plaintiffs must be reduced by application of the principle that plaintiffs have a duty to mitigate, commensurate with the degree of failure to mitigate attributed to plaintiffs by the jury in this case.

8.　　To the extent any injuries or damages claimed by plaintiffs were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of plaintiffs, any verdict or judgment obtained by plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiffs by the jury in this case.

Date:    April 2, 2008                          Respectfully submitted,

                                                MARA S. GEORGES
                                                Corporation Counsel of the City of Chicago

                                By:    */s/ Kenneth Charles Robling*
                                       KENNETH CHARLES ROBLING
                                       Assistant Corporation Counsel

30 North LaSalle Street, Suite 1020
Chicago, IL 60602
(312) 742-0116


## CERTIFICATE OF SERVICE

I, Kenneth Charles Robling, an attorney, certify that on this 2nd day of April 2008, a true

and correct copy of the foregoing **Defendant City of Chicago's Answer, Defenses and Jury**

**Demand to Plaintiff's Complaint** was served via operation of the Court's electronic case filing

system upon the following:

                        Arthur Loevy
                        Jon Loevy
                        Matthew Jenkins
                        Michael Kanovitz
                        LOEVY & LOEVY
                        312 N. May Street, Suite 100
                        Chicago, IL 60602

                                       */s/ Kenneth Charles Robling*
                                       Kenneth Charles Robling