**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEWITT HUGHES and CHERANZETTA STAGGER-HUGHES, | ) | |
| Plaintiffs, | ) | 08 C 627 |
| v. | ) | Honorable Judge Dow |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT CITY OF CHICAGO'S AMENDED ANSWER, DEFENDANT OFFICERS' ANSWER, DEFENDANT CITY OF CHICAGO'S ADDITIONAL AFFIRMATIVE DEFENSES AND FEDERAL RULE 12(B)(6) DEFENSES, AND THE DEFENDANT OFFICERS' AFFIRMATIVE DEFENSES AND FEDERAL RULE 12(B)(6) DEFENSES TO PLAINTIFFS' COMPLAINT**

NOW COME the Defendants, CITY OF CHICAGO ("the City"), CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857 ("Defendant Officers") collectively ("Defendants"), by and through their attorneys, Susan E. Sullivan and Alison B. Crane of SWANSON, MARTIN & BELL, LLP, and hereby submit the following City of Chicago's Amended Answer, Defendant Officers' Answer, the City of Chicago's Additional Affirmative defenses and Federal Rule 12(b)(6) defenses, and the Defendant Officers' Affirmative defenses and Federal Rule 12(b)(6) defenses to Plaintiffs' Complaint:

**Introduction**

1. This action is brought under 42 U.S.C. § 1983 to redress 'the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

<u>ANSWER</u>: **Defendants admit that Plaintiffs are seeking recovery under 42 U.S.C. § 1983, but deny that Plaintiffs are entitled to the relief sought. Defendants further deny any wrongdoing alleged by Plaintiffs.**

**Jurisdiction and Venue**

2. This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

<u>ANSWER</u>: **Defendants admit the allegations of paragraph 2.**

3. Venue is proper as Plaintiffs reside in this judicial district and Defendant City of Chicago is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

<u>ANSWER</u>: **Defendants deny Plaintiffs' claims as asserted. Defendants lack knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs reside in this judicial district. Defendants admit the remaining allegations of paragraph 3.**

**Background**

4. Plaintiff Dewitt Hughes is a licensed commercial truck driver. Plaintiff Cherannzetta Stagger-Hughes is a bus driver for the Chicago Transit Authority.

<u>ANSWER</u>: **Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 4.**

5. On or about the evening of July 30, 2007, Mr. Hughes was driving Mrs. Stagger-Hughes' vehicle on Laramie Avenue just south of Fullerton Avenue. Mr. Hughes was obeying all traffic laws at all relevant times.

<u>ANSWER</u>: **Defendants admit that at some point on or about the evening of July 30, 2007, Mr. Hughes was driving a vehicle at or near Laramie Avenue. Defendants lack knowledge or information sufficient to form a belief as to whether the vehicle was owned**

**by Mrs. Stagger-Hughes. Defendants deny the remaining allegations of paragraph 5.**

6. Before Mr. Hughes reached Grand Avenue an unmarked police car pulled over the vehicle. Two plain-clothed Chicago Police Officers, a male and a female ("Defendant Officers"), approached the vehicle. Mr. Hughes was immediately ordered out of the vehicle, handcuffed, and placed in the back of the Defendants' vehicle.

**ANSWER: Defendants admit that Mr. Hughes was pulled over by an unmarked police car, that the plain-clothed Defendant Officers approached the vehicle, and at some point Mr. Hughes was handcuffed. Defendants deny the remaining allegations of paragraph 6.**

7. As Mr. Hughes was led to the police vehicle by the Defendant Male Officer, the Defendant Female Officer searched Mrs. Stagger-Hughes' vehicle without cause and without Mr. Hughes' permission. In the process of searching the vehicle, the Defendant Officer found Biotin capsules, a vitamin sold over-the-counter, in Mrs. Stagger-Hughes' lunch bag.

**ANSWER: Defendants admit that capsules were found in the vehicle driven by Mr. Hughes. Defendants lack knowledge or information sufficient to form a belief as to the content of the capsules. Defendants deny the remaining allegations of paragraph 7.**

8. After the Defendant Officers searched the vehicle and found the vitamins, the vehicle was seized and impounded by the Chicago Police Department without cause or legal justification.

**ANSWER: Defendants admit that the vehicle was seized and impounded by the Chicago Police Department. Defendants deny the remaining allegations of paragraph 8.**

9. Mr. Hughes was arrested and transported to the Chicago Police Station at Grand Avenue and Central Avenue. Mr. Hughes was arrested without cause or explanation. Mr. Hughes

was held at the police station for a period exceeding 24 hours.

**ANSWER: Defendants admit that Mr. Hughes was arrested and transported to the Chicago Police Station at Grand Avenue and Central Avenue. Defendants lack knowledge or information sufficient to form a belief as to whether Mr. Hughes was held at the police station for a period exceeding 24 hours. Defendants deny the remaining allegations of paragraph 9.**

10. On or about August 1, 2007, Mr. Hughes was transported to the Cook County Jail. After spending approximately two days in the Cook County Jail, Mr. Hughes was placed on house arrest until August 22, 2007. All of the charges against Mr. Hughes were dismissed in a manner indicative of innocence and Mrs. Stagger-Hughes' vehicle was released from the City's custody. As a result of the incident, Mr. Hughes spent approximately 22 days unlawfully detained.

**ANSWER: Defendants deny that as a result of this incident, Mr. Hughes spent approximately 22 days unlawfully detained. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10.**

**Count I -- 42 U.S.C. § 1983**

**Unlawful Search & Seizure**

11. Each of the foregoing Paragraphs is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

12. As described more fully above, Plaintiff Dewitt Hughes was searched and seized by the Defendant Officers in a manner which violated the Fourth Amendment.

**ANSWER: Defendants deny the allegations of paragraph 12.**

13. As described more fully above, Plaintiff Cherannzetta Stagger-Hughes' vehicle was searched and seized in a manner which violated the Fourth Amendment.

**ANSWER:  Defendants deny the allegations of paragraph 13.**

14. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiffs' constitutional rights.

**ANSWER:  Defendants deny the allegations of paragraph 14.**

15. The policy and practice of the City of Chicago were the moving force behind these constitutional violations in that:

    a. As a matter of both policy and practice, the City of Chicago directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

    b. As a matter of both policy and practice, the City of Chicago facilitates the very type of misconduct at issue here by failing to adequately investigate, punish and discipline prior instances of similar misconduct, thereby leading its officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

    c. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the City of Chicago abuse citizens in a manner similar to that alleged by Plaintiffs on a frequent basis, yet the City of Chicago makes findings of wrongdoing in a disproportionately small number of cases;

    d. Even when there is sufficient evidence for probable cause to believe that officers committed crimes, the Chicago Police Department does not pursue criminal charges against the officers as it would against citizens who commit the same crimes;

    e. Municipal policy-makers are aware of (and condone and facilitate by their inaction) a "code of silence" in the Chicago Police Department, by which police officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

    f. The City of Chicago has knowledge of, and the relevant policy-makers

    have failed to act to remedy, the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby tacitly approving and ratifying the type of misconduct alleged here.

g. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

**ANSWER: Defendants deny all of the allegations of paragraph 15, including sub-paragraphs 15(a) through 15(f).**

16. As a result of the unjustified violation of Plaintiffs' rights by the Defendant Officers, as well as the City's policy and practice, Plaintiffs have suffered injury, as well as emotional distress.

**ANSWER: Defendants deny the allegations of paragraph 16.**

17. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER: Defendants admit that at all relevant times the Defendant Officers were acting within the scope of their employment and under color of law. Defendants deny the remaining allegations of paragraph 17.**

**Count II -- 42 U.S.C. § 1983**

**False Arrest/Unlawful Detention**

18. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

19. As described more fully above, the Defendant Officers unlawfully detained

Plaintiff Dewitt Hughes without cause or legal justification.

**ANSWER: Defendants admit that Mr. Hughes was detained. Defendants deny the remaining allegations of paragraph 19.**

20. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Defendants deny the allegations of paragraph 20.**

21. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described in preceding paragraphs.

**ANSWER: Defendants deny the allegations of paragraph 21.**

22. As a result of the above-described wrongful infringement of their rights, Plaintiff Dewitt Hughes suffered damages, including but not limited to emotional distress and anguish.

**ANSWER: Defendants deny the allegations of paragraph 22.**

23. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

**ANSWER: Defendants admit that at all relevant times the Defendant Officers were acting within the scope of their employment and under color of law. Defendants deny the remaining allegations of paragraph 23.**

**Count III -- State Law Claim**

**False Imprisonment**

24. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

25. Plaintiff Dewitt Hughes was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

**ANSWER: Defendants admit that Mr. Hughes was detained. Defendants deny the remaining allegations of paragraph 25.**

26. In the manner described more fully above, the Defendant Officers caused Mr. Hughes to be unlawfully and unreasonably imprisoned without justification.

**ANSWER: Defendants deny the allegations of paragraph 26.**

27. As a result of this misconduct, Mr. Hughes has suffered damages, including but not limited to emotional distress.

**ANSWER: Defendants deny the allegations of paragraph 27.**

28. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

**ANSWER: Defendants deny the allegations of paragraph 28.**

29. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, City of Chicago, is liable for their actions.

**ANSWER: Defendants admit that at all relevant times the Defendant Officers were acting within the scope of their employment. The remaining allegations contained in paragraph 29 constitute a legal conclusion for which no answer is required.**

**Count IV -- State Law Claim**

**Malicious Prosecution**

30. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

31. Mr. Hughes was improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and maintained maliciously, resulting in injury, and all such proceedings were terminated in Plaintiff's favor in a manner indicative of innocence.

**ANSWER: Defendants deny the allegations of paragraph 31.**

32. The Defendant Officers accused Mr. Hughes of criminal activity knowing those accusations to be without probable cause.

**ANSWER: Defendants deny the allegations of paragraph 32.**

33. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

**ANSWER: Defendants deny the allegations of paragraph 33.**

34. As a result of this misconduct, Plaintiff has has suffered and continues to suffer injuries including pain and suffering as well as the loss of employment.

**ANSWER: Defendants deny the allegations of paragraph 34.**

**Count V -- State Law Claim**

**Respondeat Superior**

35. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

36. In committing the acts alleged in the preceding paragraphs, the Defendant

Officers were members and agents of the Chicago Police Department acting at all relevant times within the scope of their employment.

**ANSWER: Defendants admit that at all relevant times the Defendant Officers were acting within the scope of their employment. Defendants deny the remaining allegations of paragraph 36.**

37. Defendant City of Chicago is liable as principal for all torts committed by its agents.

**ANSWER: The allegations contained in paragraph 37 constitute a legal conclusion for which no answer is required.**

**COUNT VI -- State Law Claim**

**Indemnification**

38. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

**ANSWER: Each of the Defendants' answers to each of the foregoing paragraphs is incorporated herein by reference as though fully set forth.**

39. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER: The allegations contained in paragraph 37 constitute a legal conclusion for which no answer is required.**

40. The Defendant Officers are or were employees of the Chicago Police Department, who acted within the scope of their employment in committing the misconduct described herein.

**ANSWER: Defendants admit that at all relevant times the Defendant Officers**

**were acting within the scope of their employment. Defendants deny the remaining allegations of paragraph 40.**

WHEREFORE, Defendants CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, by their attorneys Susan E. Sullivan and Alison B. Crane of Swanson, Martin & Bell, LLP, deny that they are liable to Plaintiffs, DEWITT HUGHES and CHERANZETTA STAGGER-HUGHES, in any amount whatsoever, and demand that judgment be entered in their favor and against Plaintiffs under Counts I, II, III, IV, V, and VI of Plaintiffs' Complaint with costs assessed.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Qualified Immunity

Defendants are entitled to qualified immunity as to the allegations set forth in Counts I and II of Plaintiffs' Complaint.

### Second Affirmative Defense – Probable Cause

As to the allegations set forth in Count II, III, and IV and any other count set forth in Plaintiffs' Complaint which can be construed as seeking damages based upon an alleged false arrest or unlawful detention, Defendants had probable cause to arrest Plaintiff DEWITT HUGHES, the existence of which is an absolute defense to a section 1983 false arrest claim, a state law false arrest/unlawful detention claim, and a state law malicious prosecution claim.

### Third Affirmative Defense – 745 ILCS 10/2-201

As to the allegations set forth in Counts III, IV, V, and VI of Plaintiffs' Complaint, Defendants are entitled to immunity pursuant to 745 ILCS 10/2-201, which provides in pertinent part as follows:

> Except as otherwise provided by Statute, a public employee serving in a position involving the determination of policy or the exercise of discretion is not liable for

> an injury resulting from his act or omission in determining policy when acting in the exercise of such discretion even though abused.

**Fourth Affirmative Defense – 745 ILCS 10/2-202**

As to the allegations set forth in Counts III, IV, V, and VI of Plaintiffs' Complaint, Defendants are entitled to immunity pursuant to 745 ILCS 10/2-202, which provides in pertinent part as follows:

> A public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton conduct.

**Fifth Affirmative Defense – 745 ILCS 10/2-204**

As to the allegations set forth in Counts III, IV, V, and VI of Plaintiffs' Complaint, Officer Iza, Officer Uczen and the City's agents and employees are entitled to immunity, to the extent said allegations seek to hold them liable for the act or omission of another person, pursuant to 745 ILCS 10/2-204, which provides in pertinent part as follows:

> Except as otherwise provided by statute, a public employee, as such and acting within the scope of his employment, is not liable for an injury caused by the act or omission of another person.

**Sixth Affirmative Defense - 745 ILCS 10/2-208**

As to the allegations set forth in Counts III, IV, V, and VI of Plaintiffs' Complaint, Officer Iza, Officer Uczen and the City's agents and employees are entitled to immunity under 745 ILCS 10/2-208, which provides as follows:

> A public employee is not liable for injury caused by his instituting or prosecuting any judicial or administrative proceeding within the scope of his employment, unless he acts maliciously and without probable cause.

**Seventh Affirmative Defense – 735 ILCS 5/2-1116(c)**

Any damages sought by Plaintiffs in Counts III, IV, V, and VI of Plaintiffs' Complaint should be barred or reduced in proportion to the amount of contributory fault the finder of fact

attributes to Plaintiff, pursuant to 735 ILCS 5/2-1116(c), which provides as follows:

> In all actions on account of death, bodily injury or physical damage to property in which recovery is predicated upon fault, the contributory fault chargeable to the plaintiff shall be compared with the fault of all tortfeasors whose fault was a proximate cause of the death, injury, loss, or damage for which recovery is sought. The plaintiff shall be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is more than 50% of the proximate cause of the injury or damage for which recovery is sought. The plaintiff shall not be barred from recovering damages if the trier of fact finds that the contributory fault on the part of the plaintiff is not more than 50% of the proximate cause of the injury or damage for which recovery is sought, but any economic or non-economic damages allowed shall be diminished in the proportion to the amount of fault attributable to the plaintiff.

**Eighth Affirmative Defense – Failure to Mitigate Damages**

Any verdict or judgment obtained by Plaintiffs should be reduced Plaintiffs' failure to mitigate their damages.

**FEDERAL RULE 12(B)(6) DEFENSES**

1. Counts I, II, III, IV, V, and VI fail to state causes of action upon which relief may be granted.

2. Any award of punitive damages would deprive Officer Iza, Officer Uczen and the City's agents and employees due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

   a. liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

   b. the award of punitive damages is disproportionate to actual damages.

RESPECTFULLY SUBMITTED,

/s/ Alison B. Crane
One of the Attorneys for Defendants

Susan E. Sullivan, Atty No. 638201
Alison B. Crane, Atty. No. 6289278
ssullivan@smbtrials.com
acrane@smbtrials.com
Swanson, Martin & Bell, LLP
330 N. Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100