**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| DEWITT HUGHES and CHERANZETTA STAGGER-HUGHES, | ) ) | |
| Plaintiffs, | ) ) | |
| | ) | 08 C 627 |
| v. | ) ) | Honorable Judge Dow |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, | ) ) ) ) ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS UCZEN AND IZA AND**
**DEFENDANT CITY OF CHICAGO'S RESPONSES TO PLAINTIFFS'**
**MOTION IN LIMINE**

The Defendants, City of Chicago ("the City"), Police Officer Mark Uczen ("Uczen"), and Police Officer Debbie Iza ("Iza"), collectively ("Defendants"), by and through their attorneys, SWANSON, MARTIN & BELL, LLP, in response to Plaintiffs' Motion in Limine, state the following:

**1. Plaintiffs' Motion in Limine No. 1 – To Bar Unidentified Print-Outs Relating To Drug Packaging.**

Defendants should be permitted to introduce evidence and testimony regarding their training and the training bulletin which was disclosed to Plaintiffs in discovery and discussed by the officers in their deposition testimony because it is relevant to the issue of whether Officers Uczen and Iza had probable cause to arrest Mr. Hughes. Officer Uczen testified that he received specific training related to identifying different types of narcotics, what they look like, and how they are packaged and also received training bulletins regarding ways that narcotics are packaged or concealed. (*See Deposition of Mark Uczen*, attached as Exhibit A, p. 18). The training bulletin in question was also tendered to Plaintiffs in discovery and indicated as an exhibit in the

1

Final Pretrial Order. (*See* Docket Nos. 195-1 and 195-2, Plaintiffs' Motion In Limine Exhibits A and B; *See also* Docket No. 194, Final Pretrial Order at p. 17, indicated as Defendants' Exhibit No. 9). The training bulletin shows a photograph of narcotics that look almost identical to the suspect narcotic that were recovered from Mr. Hughes on the night of the incident and played a large part in the officers' belief at the time of the arrest that the capsules that they recovered were suspect narcotics.

Plaintiffs have never sought any discovery related to the training bulletin despite the fact that it was disclosed years ago to supplement Defendants' discovery responses as soon as it was obtained by Defendants. Defendants' decision to make a custodial arrest was based on the totality of the circumstances, including their training and their recollection of the training bulletin, which was disclosed during discovery to Plaintiffs, as to whether they had probable cause. Probable cause must evaluated "not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer — seeing what he saw, hearing what he heard." *See Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1245 (7th Cir. 1994). Wherefore, Defendants request that this motion in limine be denied so that the jury can hear testimony about the officers training, including the training bulletin the viewed.

**2.     Plaintiffs' Motion in Limine No. 2 – To Bar Any Suggestion that Mr. Hughes Consumed an Intoxicant on the Day of His Arrest.**

Mr. Hughes' statements to Officer Uczen that Mr. Hughes ingested alcohol on the date of the arrest is an admission that is relevant to Mr. Hughes' mental condition at the time of the arrest. Mr. Hughes' use of alcohol has bearing upon his observations, memory, and judgment at the time of his arrest and how they relate to the issue of the reasonableness of his conduct at the time of the arrest. *See*, *Federal Rule of Evidence 401*, *See also*, *Saladino v. Winkler*, 609 F.2d

1211, 1214, 1215 (7th Cir.1980). Mr. Hughes' ability to perceive and respond to what was happening around him on the night of the incident is extremely relevant and could impeach his version of events. *See*, *Jarrett v. United States*, 822 F.2d 1438, 1446 (7th Cir. 1987). In *Edwards v. Thomas*, 31 F.Supp.2d 1069 (N.D.Ill. 1999)(Shadur, J.), the court held that evidence of a plaintiff's drug ingestion just prior to the incident was relevant to support the defendant police officer's account of that plaintiff's conduct at the time of arrest.

Furthermore, Officer Uczen testified that Mr. Hughes' demeanor was agitated and hostile, and the he thought at that Mr. Hughes may have been drinking on the night of the incident. (*See* Exhibit A, p. 84). Officer Uczen further testified that Mr. Hughes admitted to drinking alcohol on the night of the incident. (*See* Exhibit A, p. 93). Mr. Hughes also failed to follow Officer Uczen's verbal commands and was evasive and gave three different answers when he was questioned at the scene about the suspect narcotics. (*See* Exhibit A, pp. 95, 112). These were all factors to support Defendants' belief that Mr. Hughes was in possession of suspect narcotics and one of the bases for their probable cause to arrest Mr. Hughes. Wherefore, Defendants request that this motion in limine be denied.

3.      **Plaintiffs' Motion in Limine No. 3 – To Bar All References to the Neighborhood Mr. Hughes Was Driving Through as a "Gang Area", "Violent Zone", or Other Such Characterizations.**

Defendants should be permitted to introduce evidence and testimony regarding the neighborhood because it is relevant to the issue of whether Officers Uczen and Iza had probable cause to arrest Mr. Hughes. Officer Uczen and Officer Iza testified that the neighborhood and "area" they were assigned to on the night of the arrest was a dangerous violent area with gang activity which were some of the factors that the Defendants had to weigh in coming to a determination as to their belief that Mr. Hughes was in possession of suspect narcotics and was

one of the bases for their probable cause to make a custodial arrest of Mr. Hughes. (*See* Exhibit A, pp. 64, 74); (*See also*, *Deposition of Debbie Iza*, attached at Exhibit B, pp. 22 - 24). Plaintiffs argue that because Mr. Hughes was initially stopped for minor traffic violations, the location of the arrest is irrelevant. However, Defendants' decision to make a custodial arrest was based on the totality of the circumstances as to whether they had probable cause. Probable cause must evaluated "not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer — seeing what he saw, hearing what he heard." *See Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1245 (7th Cir. 1994). Wherefore, Defendants request that this motion in limine be denied.

**4.     Plaintiffs' Motion in Limine No. 4 – To Bar Any Reference to Plaintiff Dewitt Hughes' Convictions, Arrests, and the Fact that He Had Previously Been at the Police Station.**

Defendants should be permitted to admit evidence of Mr. Hughes' past criminal history, including his thirteen arrests and his two narcotic convictions, and his own testimony regarding his experiences while in custody at police stations in the past. Mr. Hughes' narcotic convictions show Mr. Hughes' motive in this case. Furthermore, this evidence is also relevant to impeach Mr. Hughes claims and testimony that he lost his job and could not find employment because of this incident, as well as his claims and testimony regarding emotional damages he alleges he suffered as a direct result of his detention related to this arrest as opposed to his numerous other arrests, detentions, and criminal convictions. Finally, Defendants have contested Plaintiffs' damages from the outset of the case and produced a copy of Mr. Hughes' criminal history to Plaintiffs pursuant to Rule 26(a) and in response to interrogatories and production requests as evidence and documents that they intended to offer as part of their defense against Plaintiffs' claims and was thus properly and timely disclosed.

4

Federal Rule of Evidence 609 is inapplicable in this case because the special rules set forth apply only if the proponent is attempting to use prior convictions to impeach the witness' character for truth telling. If there is another purpose for introducing the conviction, then Rule 609 poses no bar, and the Court should admit the conviction subject to the balancing test of Federal Rule of Evidence 403. Specifically, Federal Rule of Evidence 404(b) provides that "evidence of other crimes, wrongs or acts is...admissible for... purposes such as proof of motive, opportunity, intent, preparation, plan and knowledge..." Such is the situation in this case. Mr. Hughes' past narcotic convictions show his plan and motive in this incident to possess and potentially sell the recovered suspect narcotics. Although Mr. Hughes claims he had no such motive, Defendants testified that the capsules looked like, and were packed like heroin, and did not look like any other over the counter drug or vitamin they had seen. (*See* Exhibit A, pp. 18, 19, 104, 109); (*See also*, Exhibit B, pp. 15, 168, 169, 171). In fact, the charges against Mr. Hughes were similar to charges for possession with intent to deliver a "look alike" substance purported to be a narcotic. Therefore, Mr. Hughes' past narcotic convictions are consistent with Defendants' belief as to Mr. Hughes' true motive on the night of the incident and evidence and testimony of the convictions are admissible.

Further, Mr. Hughes' two felony convictions and thirteen arrests since 1992 are also admissible with regard to Mr. Hughes' claims for damages. Evidence of Mr. Hughes' prior convictions and arrests impeaches his testimony as to why he lost his job and why he could not find subsequent employment. (*See Deposition of Dewitt Hughes*, attached at Exhibit C, pp. 184, 185). This evidence is also probative as to Mr. Hughes' claim that the detention was so traumatizing that he should be awarded substantial compensatory damages despite the fact that he had experienced many detentions in the past which did not result in emotional distress.

Finally, this evidence is relevant to Mrs. Hughes' claims that she also suffered financial damages as a result of his alleged inability to find employment after this incident. Defendants must be permitted to contest causation as to Mr. Hughes' claimed damages given these facts. Evidence of Mr. Hughes' prior convictions and arrests is probative to Defendants' defenses that Plaintiffs' did not suffer damages as a result of this incident, that Defendants did not cause any of Plaintiffs' claimed damages, and that Plaintiffs' failed to mitigate their alleged damages. Any prejudice to Plaintiffs is outweighed by the probative value as to the existence and/or the causation of Plaintiffs' alleged damages.

Finally, Defendants produced Mr. Hughes' criminal history at the outset of the case as part of their defense in a timely manner. Defendants produced Mr. Hughes' criminal history pursuant to Rule 26(a) and referred to it repeatedly in response to interrogatories and production requests as evidence and documents that Defendants intended to offer in their defense. Wherefore, Defendants request that this motion in limine be denied.

**5.     Plaintiffs' Motion in Limine No. 5 – To Bar Reference to "Bad Act" Tax Evidence.**

Defendants should be permitted to admit evidence of Mr. Hughes' failure to pay any federal income tax as it is relevant to impeach Mr. Hughes' claim that he was gainfully employed at the time of his arrest and allegedly suffered financial losses as a result of this incident.

Mr. Hughes claims that he lost wages as a result of his arrest in this matter. Mr. Hughes further claims that he lost his job and could not find employment because of this incident. (*See* Exhibit C, pp. 189 - 193). Mr. Hughes also claims to know that potential employers did not hire him specifically because of this arrest. *Id*. However, other than Mr. Hughes' self serving testimony, and despite Defendants' interrogatories and production requests, Plaintiffs have failed

6

to offer a single document, check stub, tax records, or account information to corroborate Plaintiffs' claims that Mr. Hughes was employed at the time of this incident, that he lost any job as a result of this incident, or that this incident had any effect upon his ability to search for a job or to find employment. (*See* Exhibit C, pp. 30 - 32). Mr. Hughes flatly denied filing a federal tax return in 2007. *Id*. The fact that Mr. Hughes admits that he has not filed tax returns for income that should have been reported, when the failure to so do constitutes a crime that is punishable by a fine and/or jail sentence, supports Defendants' belief and theory of defense that Mr. Hughes was not employed and did suffer any lost wages as a result of this incident. Plaintiffs should not be permitted to claim damages based on their testimony alone, without any documents or witnesses to support those damage claims, and then be allowed to bar Defendants' relevant and persuasive impeachment evidence simply because it puts Mr. Hughes in a bad light. Unlike the *Churney* case cited by Plaintiffs, evidence that Mr. Hughes failed to file any tax returns is admissible because it serves the purpose of directly impeaching Plaintiffs' damages clams. Wherefore, Defendants request that this motion in limine be denied.

**6.     Plaintiffs' Motion in Limine No. 6 – To Bar Reference to Gangs.**

Defendants should be permitted to introduce limited evidence and testimony regarding gangs. Officers Uczen and Iza were on a gang suppression mission on the evening of Mr. Hughes' arrest. (*See* Exhibit A, p. 64). In fact, Defendants were members of a 17th District Gang Team that was detailed to the 25th District that evening for gang suppression. *Id*. Limited testimony regarding gangs, gang suppression, and Defendants' training as it related to their assignment on the night of the incident is relevant to Defendants' defense as to how they perceived Mr. Hughes' actions on the night of the incident. Wherefore, Defendants request that this motion in limine be denied.

7

**7.   Plaintiffs' Motion in Limine No. 7 – To Bar Any Reference to Traffic Tickets that Ms. Stagger-Hughes Has Received.**

Defendants have no objection to Plaintiffs' Motion in Limine No. 7 as long as there is no evidence that Mrs. Stagger-Hughes' vehicle impoundment was extended due to unpaid traffic tickets. Defendants have moved to bar Plaintiffs' damages in Defendants' Motion in Limine No. 5 and 6, however, if this evidence is permitted, Defendants should be able to elicit this rebuttal evidence as to Plaintiffs' damages if it is in fact the case that Mrs. Stagger-Hughes had debt that contributed to her vehicle being impounded.

**8.   Plaintiffs' Motion in Limine No. 8 – To Bar Undisclosed Witnesses and Documents.**

Defendants agree that witnesses and documents not properly disclosed should be barred. However, all documents that Defendants listed as exhibits in the Final Pretrial Order have been properly disclosed. Plaintiffs' motion in limine fails to indicate with specificity any document that Defendants seek to reference or introduce at trial that should be barred.

Furthermore, all of the witnesses that Defendants listed in the Final Pretrial Order, including Assistant State's Attorney Mikki Miller, were properly and timely disclosed. Both parties have been aware throughout this litigation that an Assistant State's Attorney non-suited Mr. Hughes' underlying criminal case. Defendants subpoenaed records from the Office of the State's Attorney in discovery which were properly disclosed to Plaintiff to determine the identity of those persons with the most knowledge of Mr. Hughes' underlying criminal case, including the prosecutors . Defendants also investigated this issue and noticed the deposition of Assistant State's Attorney Kathleen Hufford with regard to discovering witnesses and information regarding the underlying criminal case against Mr. Hughes. Defendants and Plaintiff's counsel attended Ms. Hufford's deposition and learned of the identity of Ms. Mikki Miller at that deposition. Ms. Hufford confirmed that it was State's Attorney Mikki Miller who non-suited

Mr. Hughes' underlying criminal case. (*See Deposition of Catherine Hufford*, attached as Exhibit D, p. 27). Ms. Miller was not only properly disclosed through the documents produced and in the deposition of Ms. Huffford, but Mr. Hughes, who attended his criminal court matter, had personal knowledge of Ms. Miller from his attendance at the criminal court hearing as a person with knowledge about the circumstances related to the non-suit of his criminal case.

Finally, Defendants listed Record Keepers as potential witnesses in the Final Pretrial Order to be called to lay foundation for documents which have already been disclosed by both parties, and only if Plaintiffs will not agree to the foundation of the records. The Records Keepers identified as potential witnesses are from the City of Chicago Police Department, the City of Chicago Office of Emergency Management and Communications, the City of Chicago Department of Administrative Hearings, the City of Chicago Department of Streets and Sanitation, the Illinois State Lab, the Cook County State's Attorney, and United Auto Credit. These "witnesses" were disclosed by virtue of gathering, subpoenaing, and producing records from these departments and entities during the course of discovery. There was, and is, no need to depose Records Keepers called only for foundational purposes. There is no prejudice to Plaintiffs if Defendants are permitted to call Records Keepers to lay foundation for records that are listed by both parties as exhibits in the Final Pretrial Order. Wherefore, Defendants request that this motion in limine be denied with respect to any documents offered or witnesses called by Defendants at trial.

**9. Plaintiffs' Motion in Limine No. 9 – To Bar Testimony Or Argument That An Adverse Verdict Would Lead To Punishment By The CPD Or Damage To Defendants' Career.**

Defendants have no objection to Plaintiffs' Motion in Limine No. 9 as long as there is no testimony on the issue at all by any party. If Plaintiffs open the door and testify or argue that

9

there will be no punishment by the Defendant Officers' employer or damage to their career, which Plaintiffs do not have the proper foundation to introduce. If Plaintiffs open the door an states this, Defendants should be permitted to testify that there could be some punishment or effect upon them.

10.   **Plaintiffs' Motion in Limine No. 10 – To Bar Testimony About Irrelevant Facts Unknown To Defendants At The Time Of Arrest And Argument That The Facts Furnished Probable Cause**

Defendants should be permitted to introduce all relevant evidence and testimony regarding the issue of whether Officers Uczen and Iza had probable cause to arrest Mr. Hughes. Officer Uczen and Officer Iza testified that they handcuffed Mr. Hughes for safety while they detained him **before** they decided to make the arrest based upon probable cause. (*See* Exhibit A, pp. 95, 96, 97). Therefore, the fact that the timing of the handcuffing was prior to learning that Mr. Hughes did not have insurance is in no way supportive of Plaintiffs' argument that these facts were learned after the arrest or not part of the Officers' determination of probable cause. Probable cause must evaluated "not on the facts as an omniscient observer would perceive them, but on the facts as they would have appeared to a reasonable person in the position of the arresting officer — seeing what he saw, hearing what he heard." *See Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1245 (7th Cir. 1994). Wherefore, Defendants request that this motion in limine be denied.

11.   **Plaintiffs' Motion in Limine No. 11 – To Bar Any Arguments Appealing to the Jury as Taxpayers or Referencing the Source of Payment for Any Judgment.**

Defendants agree to Plaintiffs' Motion in Limine to bar any arguments appealing to the jury as taxpayers. However, if Plaintiffs seek punitive damages against Officers Uczen and Iza, Officers Uczen and Iza will offer their financial status as a defense to punitive damages and their financial status must be considered as indicated in Defendants' Motion in Limine No. 4.

Defendants should also be permitted to address that taxpayers are the source of any potential compensatory damages and/or attorney fees payment if Plaintiffs open the door to this issue. Wherefore, Defendants request that this motion in limine be granted except with respect to the source of payment for any punitive damage judgment or if Plaintiffs open the door.

## CONCLUSION

WHEREFORE, for the reasons stated above, Defendants respectfully requests that this Court deny Plaintiffs' Motion in Limine No. 1 – 11 as indicated in their responses.

Respectfully submitted,

 /s/Susan E. Sullivan
Susan E. Sullivan
**SWANSON, MARTIN & BELL, LLP**
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
(312) 321-9100

*As Attorneys for Defendants, Officer Mark Uczen, Officer Debbie Iza, and the City of Chicago*