IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| DEWITT HUGHES and CHERANNZETTA STAGGER-HUGHES, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) 08 C 627 ) |
| CITY OF CHICAGO, CHICAGO POLICE OFFICER IZA, Star # 12957, and CHICAGO POLICE OFFICER UCZEN, Star # 6857, | ) Judge Dow ) Magistrate Judge Cox ) ) ) ) JURY TRIAL DEMANDED |
| Defendants. | ) |

**PLAINTIFFS' MOTION TO SUBSTITUTE THE TRUSTEE OF PLAINTIFF CHERANNZETTA STAGGER-HUGHES' BANKRUPTCY ESTATE FOR PLAINTIFF STAGGER-HUGHES**

Barry A. Chatz, not individually but solely as Trustee of the bankruptcy estate of Cheranzetta Stagger, by proposed special counsel, Loevy & Loevy, pursuant to Rule 17(a) of the Federal Rules of Civil Procedure, respectfully requests that this Court substitute Mr. Chatz as Chapter 7 Trustee for Cherannzetta Stagger-Hughes as the real party in interest in this matter. In support of this Motion, Trustee Chatz explains as follows:

**BACKGROUND**

1. On July 31, 2008, Plaintiff, Cherannzetta Stagger, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Illinois, that was docketed as case number 08 B 20022 (the "Bankruptcy Case"), and Barry A. Chatz was appointed as the Chapter 7 Trustee (the "Trustee").

2. Plaintiff, Cherannzetta Stagger, failed to disclose her claim against the City of Chicago and Police Officers Iza and Uczen in her Bankruptcy Schedules, and the Trustee entered

a Report of No Distribution on September 5, 2008. On November 4, 2008, the Bankruptcy Court entered an order discharging the Plaintiff, Cherannzetta Stagger, and on November 7, 2008, the Bankruptcy Case was closed and the Trustee was discharged.

3. On or about June 17, 2012, the Trustee filed a Motion to Reopen Chapter 7 Case pursuant to 11 U.S.C. § 350(b) after Loevy & Loevy, the attorneys representing the Plaintiffs in this matter, contacted Trustee Chatz to alert him as to the pending Civil Rights Case that Ms. Stagger had inadvertently failed to schedule. On June 20, 2012, an Order was entered in the Bankruptcy Court reopening the Plaintiff's Chapter 7 case.

4. Pursuant to 11 U.S.C. § 541, all of Ms. Stagger's legal and equitable interests in property as of the Petition Date became property of the bankruptcy estate, including the instant Civil Rights Case.

5. Because Ms. Stagger's claims in this case are the property of the bankruptcy estate, the Chapter 7 Trustee, Barry A. Chatz, should properly be substituted as plaintiff for Ms. Stagger.

6. Trustee Chatz will be filing an Application to employ the firm of Loevy & Loevy as special counsel to prosecute this matter for the benefit of the bankruptcy estate.

**ARGUMENT**

7. Rule 17(a) of the Federal Rules of Civil Procedure provides that every action shall be prosecuted in the name of the real party in interest.

8. Rule 17(a) also provides that no action should be dismissed for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced

2

by the real party in interest.

9. The Bankruptcy Trustee is the real party in interest for the claims of Ms. Stagger pursuant to 11 U.S.C. § 541, and should be substituted as Plaintiff for Ms. Stagger.

WHEREFORE, Barry A. Chatz, not individually, but solely as Chapter 7 Trustee for the Bankruptcy Estate of Cherannzetta Stagger, through proposed special counsel, Loevy & Loevy, respectfully requests that this Court substitute Bankruptcy Trustee Chatz for Ms. Stagger as the real party in interest for Ms. Stagger.

RESPECTFULLY SUBMITTED,

S/ Vincenzo Field
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Samantha Liskow
Vincenzo Field
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Vince Field, an attorney, hereby certify that on July 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to counsel for Defendants.

/S/ Vince Field_____
One of Plaintiff's Attorneys